Marcie E. Schaap, #4660
**ATTORNEY AT LAW, P.C.**
1523 E. Spring Lane
Salt Lake City, UT 84117
Telephone: (801) 201-1642
Facsimile: (801) 272-6350
e-mail:  marcie.schaap@gmail.com

Attorney for Plaintiff

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| IHC HEALTH SERVICE, INC. dba INTERMOUNTAIN MEDICAL CENTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>Case No. 2:14-cv-00773-CW<br><br>Judge Clark Waddoups |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.　Plaintiff, IHC HEALTH SERVICES, INC. ("IHC"), operates several hospitals in the Intermountain Area, including INTERMOUNTAIN MEDICAL CENTER ("IMC" or "Hospital" herein) in Salt Lake City, Utah.

2.　AETNA LIFE INSURANCE COMPANY ("Aetna" or "Defendant" herein) is a foreign corporation.

3.　IHC and the Hospital may be referred to collectively herein as "Plaintiff."

4.　Aetna was, at all relevant times hereto, the health insurer for Bryan Gritton ("Mr. Gritton).

5.  Mr. Gritton was, at all times relevant hereto, a Utah resident.

6.  IMC provided medical services to Mr. Gritton on January 14, 2013 (the "Date of Service").

7.  The Defendant provided employee welfare benefits to Mr. Gritton through a plan (the "Plan") established and operated under the Employee Retirement Income Security Act of 1974 ("ERISA").

8.  This is an action brought under ERISA. This Court has jurisdiction of this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendant in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

9.  The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for penalties pursuant to 29 U.S.C. §1132(a)(1)(c), for interest and attorneys' fees under 29 U.S.C. §1132(g), and for other appropriate equitable relief under 29 U.S.C. §1132(a)(3).

## FACTUAL BACKGROUND

### A. Medical Treatment

10. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

11. Mr. Gritton's treatment on the Date of Service originated at the Emergency Room.

12. Authorization Number 69835 was given to the Hospital through the Defendant's online system the day after the emergency admt.

13. The billed charges for the treatment rendered to Mr. Gritton by IMC were $13,347.58.

14. Aetna paid only $484.46 for this claim.

15. Aetna denied the balance of the claim which was submitted by IMC due to "no authorization."

16. The balance of $12,863.12 is still due to the Plaintiff from the Defendant.

## B. Claims and Claim Processing

17. IMC on behalf of Mr. Gritton[1], submitted a claim to Aetna in a timely manner for Mr. Gritton's medical expenses.

18. Aetna denied the entire claim based on its presumption that prior authorization was required.

19. Prior authorization is not required for emergent treatment.

20. In addition, Mr. Gritton's treatment at IMC was authorized the day after his emergency admit.

21. Aetna and IHC Health Services, Inc. ("IHC") have entered into a contract which provides that claims may not be denied for lack of authorization.

22. IMC is part of the Provider Network specifically mentioned in the previously mentioned contract between Aetna and IHC.

23. Mr. Gritton and/or IMC sent written appeal letters to Aetna on the following dates:

    A.   October 11, 2013

---

[1] Mr. Gritton signed an Assignment of Benefits in favor of IMC which also authorized IMC to pursue an appeal of any denied claims.

      B.      June 16, 2014

24. The parties, and/or their agents, have also communicated many times by phone as set forth in the electronic and written records kept by IMC of the communications it has had with the Defendant during the appeal process.

25. A copy of IMC's communication records was sent to the Defendant prior to this litigation being filed.

26. The Defendant has not paid the balance of the claim due to the Plaintiff for the medical treatment which was rendered to Mr. Gritton by the Hospital (IMC).

27. A balance of $12,863.12, plus interest, remains due to the Plaintiff from the Defendant for the medical treatment which IMC rendered to Mr. Gritton.

### FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

28. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff stands in the shoes of Mr. Gritton, who is a participant and beneficiary of the Plan.

30. The Plaintiff has submitted all proof necessary to the Defendant to support the Plaintiff's claim for benefits.

31. The Defendant has failed to provide evidence to the Plaintiff to support its basis for denial.

32. The Defendant has denied, without support for their position, the Plaintiff's claims for the expenses which were incurred as a result of Mr. Gritton's medical treatment.

33. The Defendant has not fully reviewed or investigated all information sent to it by the Plaintiff, or available to them, which has caused the Defendant to deny this claim.

34. The Defendant has failed to bear its burden of proof that an exclusion or requirement in the Plan Document or contract with IHC supports its denial of the claim for Mr. Gritton's medical treatment.

35. The Defendant has breached the terms of the Plan by refusing to pay the claim as it was presented to the Defendant.

36. The Defendant has also breached the terms of its contract with IMC and/or IHC.

37. The Defendant failed to offer the Plaintiff a "full and fair review" as required by ERISA.

38. The Defendant failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

39. The actions of the Defendant, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

40. The actions of the Defendant has caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

41. The Defendant is responsible to pay the claims for Mr. Gritton's medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. §1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

//

//

//

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

42. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

43. Defendant has breached its fiduciary duties under ERISA in the following ways:

    A.  Defendant has failed to discharge its duties with respect to the Plan:

        1.  Solely in the interest of the participants and beneficiaries of the Plan and

        2.  For the exclusive purpose of:

            a.  Providing benefits to participants and their beneficiaries; and

            b.  Defraying reasonable expenses of administering the Plan.

        3.  With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

        4.  By failing to fully investigate the Plaintiff's claims.

        5.  By failing to fully respond to the Plaintiff's appeals and requests for information.

        6.  By providing inaccurate information to the Plaintiff and Mr. Gritton's treating medical providers.

        7.  And in other ways to be determined as additional facts are discovered.

44. The actions of the Defendant in breaching its fiduciary duties under ERISA has caused damage to the Plaintiff in the form of denied medical benefits.

45. In addition, as a consequence of the breach of fiduciary duties of the Defendant, the Plaintiff has been required to obtain legal counsel and file this action.

46. Pursuant to ERISA and to the U.S. Supreme Court's recent ruling in CIGNA Corp. v. Amara, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

47. Therefore, the Plaintiff is entitled to payment of the medical expenses Mr. Gritton incurred for his medical treatment at IMC, as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

### THIRD CAUSE OF ACTION
(Failure to Produce Plan Documents - 29 U.S.C. §§1024(b)(4) and 1132(c)(1))

48. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

49. Mr. Gritton and/or his authorized representative have requested the SPD and Plan Document in writing from the Defendant on two separate occasions.

50. The Defendant failed to produce to the Plaintiff the SPD and Plan Document on which they relied to deny the claim at issue.

51. The actions of the Defendant in failing to provide, within thirty (30) days after written requests were made, a copy of relevant Plan documents, as requested on two occasions by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

52. The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability

to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendant's denial was meritorious.

53. In addition, as a consequence of the failure of the Defendant to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

54. Pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g). Each new request begins a new and separate calculation.

55. The maximum statutory damages which have accrued to date for the two written requests which Plaintiff has made for the SPD and Plan Document, which have gone unanswered, is $49,060.00. Statutory damages continue to accrue until the relevant SPD and Plan Document are produced to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $12,863.12, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $12,863.12, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. Upon Plaintiffs' Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each written request for plan documents, to the date of production of the requested documents against the Defendant, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

4. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 23rd day of October, 2014.

**MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

By: /s/ Marcie E. Schaap
    Marcie E. Schaap
    Attorney for Plaintiff